IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OMNICARE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-0020-CV-W-ODS |
| | ) |
| ARGUS HEALTH SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER AND OPINION REMANDING CASE TO STATE COURT

This case was removed to federal court on the basis of federal question jurisdiction. The Court holds that it lacks jurisdiction and remands the case to state court.

I. BACKGROUND

Defendant Argus Health Systems, Inc. (Argus) is a claims processor for a network of private prescription drug plans (PDPs) that provide drug benefits to Medicare Part D beneficiaries. Argus contracted with Plaintiff Omnicare, Inc. (Omnicare), which operates pharmacies that provide prescriptions to nursing home and long term care residents enrolled with PDPs in Argus' network. Pursuant to its contract with Argus, Omnicare was required to collect "applicable" copays from the Part D beneficiaries it served and submit claims to Argus in order to receive payment for dispensing prescriptions. Federal law provides that certain Part D beneficiaries who are institutionalized (Institutionalized Duals) do not owe copays–their copays are subsidized by the federal government. *See* 42 C.F.R. § 423.782(a)(ii). Omnicare did not collect copays from beneficiaries it deemed to be Institutionalized Duals, seeking instead to receive the copay amount from Argus through the claims process. However, Argus processed Omnicare's claims based on data which in some instances did not reflect

that the beneficiaries qualified as Institutionalized Duals, allegedly resulting in thousands of individual underpayments to Omnicare causing damages in excess of $769,995.

On July 9, 2007, Omnicare filed suit against Argus in the Circuit Court of Jackson County, Missouri, alleging Argus breached the parties' contract by (1) improperly rejecting certain claims submitted to it by Omnicare, and (2) failing to pay Omnicare copayment amounts not collected from beneficiaries Omnicare deemed to be Institutionalized Duals. Argus defended the latter claim in part by contending that Omnicare should have collected the copays despite the beneficiaries' apparent status as Institutionalized Duals. Omnicare, citing a provision in the parties' contract requiring that all applicable laws be followed, argued on summary judgment that it could not have collected the copays because federal law prohibited it from doing so. Omnicare initially relied solely on Medicare rules and regulations to support this argument, but in December 2009 Omnicare supplemented its reasoning with the assertion that an Institutionalized Dual's right to a zero copay was a property interest that could not be denied or interrupted absent due process. Based on Omnicare's new analysis, Argus removed the case to federal court on January 7, 2010, claiming Omnicare's cause of action arose under federal law.

## II. DISCUSSION

Federal courts are under an independent obligation to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal courts have jurisdiction over claims arising under federal law. 28 U.S.C. § 1331. Omnicare's claim against Argus is for breach of contract, which is a claim created by state law. Generally, a claim created by state law arises under state law, but it is possible for a claim created by state law to also arise under federal law if the state law claim implicates significant federal issues. *See Grable & Sons Metal Prods., Inc. v.*

*Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  For a case to fit within this special and small category, the state law claim must raise a stated federal issue, actually disputed and substantial.  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *Grable*, 545 U.S. at 314.

Here, Omnicare's state law claim does not raise a disputed and substantial federal issue.  First, even if Omnicare is correct that Institutionalized Duals are legally entitled to certain procedures before their right to a zero copay is interrupted, this does not necessarily establish that Argus violated federal law by failing to reimburse Omnicare the copay amounts.  Similarly, even if Omnicare's due process argument is incorrect, this would not necessarily absolve Argus of liability, because Omnicare has argued that Argus breached the contract in other ways (*e.g.*, failing to comply with Medicare rules, regulations, and guidance; violating the implied covenant of good faith and fair dealing, etc.).  At most, Omnicare's due process argument tangentially supports its position that Argus is liable, but it is not dispositive.  Furthermore, the dispute in this case does not center on the action of a federal agency, and there is no indication that the resolution of this issue would be controlling in numerous other cases.  Omnicare's claim for breach of contract does not implicate significant federal issues, and federal question jurisdiction does not exist.  *See Empire Healthchoice Assurance, Inc.*, 547 U.S. at 700.

### III.  CONCLUSION

The Court lacks subject matter jurisdiction over Omnicare's claim.  The case is remanded to Jackson County Circuit Court.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE:  February 3, 2010   UNITED STATES DISTRICT COURT